There are two cases, but the facts in one only will be stated, as they are the same in both.
The complainants were contractors under the late Board of Public Works of the District of Columbia, and had performed work under contracts with said board, for which several certificates had been issued to them; that the complainants endorsed said certificates and hypothecated them with the defendant Mandel as collateral security for a loan of money; that the defendants Cowdrey, Hume, and Moses purchased said certificates at market rates and in good faith; that such certificates were considered negotiable paper, and said defendants considered them as commercial paper having a regular market value. The complainants ask to redeem them upon paying the amount advanced by Mandel. A supplemental bill was filed setting up that the certificates had been presented to the Board of Audit, and also for the purpose of bringing in other parties. Subsequently the bill was twice amended, mainly for the same purpose. The Board of Public Works were made defendants, but were not served with process under the supplemental or amended bills, nor were they served with notice of the filing of the same. The District Commissioners were never made parties, nor were they served with process in the suit, except that on the 5th *269 of February, 1877, an order was passed at the general term requiring them to deposit in the office of the clerk of this court, to the credit of the cause, several of the certificates in controversy, which had come into their possession under the following circumstances: A portion of the certificates pledged with Mandel as aforesaid had been presented to the Board of Audit for conversion into certificates of the latter board. Under the joint resolution of Congress approved March 14, 1876, (Stats. 1876, 1877, 211,) the powers of the Board of Audit, including the power to issue certificates, were abolished, and it was enacted that after the expiration of thirty days from the approval of said joint resolution all books, papers, and records of the Board of Audit were to be turned over to the Commissioners of the District, or to their successors in office. The certificates in question, with other papers and records, were turned over to the Commissioners by virtue of this legislation. The second section of the joint resolution already referred to provides that there shall be no increase of the amount of the total indebtedness at that time of the District, and that any person who shall aid or abet in the increase of such total indebtedness shall be guilty of a high misdemeanor, and shall be liable to imprisonment not exceeding ten years, and a fine not exceeding $10,000. -Under these circumstances, the complainant’s solicitor obtained from the court a rule that the Commissioners- show cause why they had not complied wfith the terms of the decree passed on the 5th of February, 1877, requiring them to deposit in the office of the clerk the certificates aforesaid. To this rule the Commissioners made answer, stating the facts as already mentioned, and also claiming that they .do not represent the Board of Public Works in this action, and that they are not bound to make answer to the original and amended and supplemental bills until served with process as parties, and that no decree can be made against them in this case; that the certificates are void as being irregularly issued by said Board of Audit and cannot legally be delivered to any one, and that the power to issue said certificates was abol *270 ished by the act of Congress of March 14, 1876; that they do not hold said certificates for the benefit of the parties to this suit, and that they have no right or authority to deliver the certificates to any person without an act of Congress to that effect.
J. Carter Marbúry, for the complainants.
Joseph S. Bradley and L. G. Sine, for defendants.
At a day subsequent to the argument, the general term decided that the District Commissioners were in no sense parties to the suit; that when the Board of Public Works was abolished, the Commissioners not having been substituted in their place on the record, and not having had any notice of the bills filed in the cause, they could not be called upon to show cause, as required by the rule of court. The court also decided that when the Board of Audit was abolished the statute directing all their records and certificates to be turned over to the Commissioners of the District gave the latter no authority to issue or deliver such certificates to any other person.
The rule was discharged.